DANIEL R. CLARK & others *vs.* CHARLES B. KINGSLEY.

If labor is done in the erection of a building, under a contract with one who has contracted with the owner for the erection thereof, and no lien exists for such labor at the time when it is done, a subsequent rescinding of the contract will not give a lien therefor against the owner. But a lien may be enforced for labor done in the erection of the building by a person employed by such sub-contractor.

PETITION to enforce liens under the mechanics' lien law, brought by Daniel R. Clark, Jonathan P. Strong, John Brannan and Henry E. Crane.

At the trial in the superior court, before *Rockwell*, J., certain facts appeared in reference to the claim of Clark, which are stated in the opinion. The claim of Strong and Brannan was for labor done by them under Clark's orders, and under verbal contracts with him, by which they worked upon the building referred to in the opinion, from day to day. No question arose as to the claim of Crane.

The judge ruled that the petition could not be sustained in favor of any of the petitioners; and they alleged exceptions.

*W. Allen, Jr.*, for the petitioners.

*S. T. Spaulding*, for the respondent.

HOAR, J. It appears from the bill of exceptions that one Chapin had contracted with the defendant to build him a house; and that the petitioner Clark made a written contract with Chapin to do the mason work and furnish the materials, for the sum of $1000, to be paid as follows: $250 on the 10th of October 1863, and the remainder when the work was finished. Materials were accordingly furnished and work done by Clark in the execution of his contract until about the 17th of October, when Chapin became insolvent, and the contract with Clark was by mutual consent given up. This was done with the knowledge and consent of the defendant. Chapin had previously paid Clark $200 of the $250, which Clark offered to prove had been made payable before the work was done to enable him to pay for his materials, and which he had actually applied in payment for the materials used, to the extent of their cost.

The ground of Clark's claim, then, is this : that, by the rescinding of the contract with Chapin, he became entitled to recover the reasonable value of the work and materials which he had previously furnished ; and having been fully paid for the materials, that he became entitled to a lien for the value of his labor. And his counsel have ingeniously argued that, when the contract was rescinded by mutual consent, the relation of the parties became such as it would have been if no express contract had ever been made, so that, in contemplation of law, the labor had been performed under an implied contract for payment upon a *quantum meruit.*

But the considerations which lead to an opposite conclusion are decisive. In the first place, the entire contract by Chapin to pay a fixed sum for the whole of the work and materials was not varied by the evidence offered of the motive which induced the provision that one instalment of the price should be paid before the work was finished. It did not show an agreement that one sum was to be allowed for materials, and another for labor. Clark was not bound to apply the $200 paid to him in the manner in which he did. The contract, therefore, being for an entire sum for labor and materials, and there being no lien for the materials, because the notice required by Gen. Sts. *c.* 150, § 2, was not given, no lien was created for the labor at the time it was performed. *Morrison* v. *Minot,* 5 Allen, 403. *Rathbun* v. *Hayford,* Ib. 406.

In the next place, it is important to observe that there was no contract for the labor and materials which Clark furnished, made by the respondent, or by any one on his behalf. Neither while the contract was in force, nor when it was rescinded, did the respondent incur any personal liability to Clark. The respondent had a right, by the provisions of Gen. Sts. *c.* 150, § 4, to prevent the attaching of any lien for labor not at the time performed, by giving notice in writing that he would not be responsible. As, until Chapin became insolvent, Clark furnished the labor under circumstances which created no lien, the respondent had no occasion to exercise this right. But if, by a rescission of the contract with Chapin, Clark could become

entitled to a lien for labor previously performed, the respondent would lose the whole benefit of that provision. It is hardly a sound answer to this suggestion to say, that the contract was rescinded with the respondent's knowledge and consent. He was not a party to the contract, and could not object to any alteration in it which the parties to it chose to make. There was no agreement by him that there should be a lien. Indeed, the creation of a lien does not require the affirmative consent of the owner of the building to which it attaches. If he has authorized the employment of the laborer, the lien attaches by operation of law, unless he takes the measures necessary to prevent it. But we cannot suppose it is the intent of the statute that, when the work has been done without the existence of any lien, one should subsequently be created for that work by a new agreement of other parties, over whose acts the owner of the building has no control. The court are therefore of opinion that the petition of Clark cannot be maintained.

The claim of the petitioners Strong and Brannan stands on wholly different ground. They worked on the building, by the consent of the respondent, and furnished no materials. They had therefore a lien for the value of their labor. Gen. Sts. *c.* 150, § 1. *Parker* v. *Bell*, 7 Gray, 431. *Whitford* v. *Newell*, 2 Allen, 424. As to them the exceptions are sustained.